# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| STACIA OEMIG, an individual,<br><br>       Plaintiff,<br><br>       v.<br><br>IDEXX DISTRIBUTION, INC., a Massachusetts corporation; and DOES 1 to 20, inclusive,<br><br>       Defendants. | Case No. 2:25-cv-07811-RGK-AGR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><span style="color:red">NOTE CHANGES MADE BY COURT</span><br><br>Complaint Filed: June 13, 2025<br>Trial Date:     None Set<br>District Judge:   Hon. R. Gary Klausner<br>Magistrate Judge: Hon. Alicia G. Rosenberg |

STIPULATED PROTECTIVE ORDER

**I.**    **A. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission to file material under seal.

**B. GOOD CAUSE STATEMENT**

This action places at issue IDEXX's VetConnect Plus ("VC+") software platform, including how VC+ ingests, matches, stores, and displays veterinary diagnostic results and related patient metadata. The parties reasonably anticipate that discovery will require the production of highly sensitive, non-public materials comprising trade secrets and other proprietary commercial, technical, operational, and financial information. Good cause exists for entry of a protective order because disclosure of such information to the public or for purposes outside this litigation would cause concrete competitive harm, risk the security and integrity of VC+ and related systems, and needlessly intrude on the privacy interests of non-parties.

Specifically, discovery is likely to encompass, among other things: non-public software design documents, product requirements, source code excerpts, data models, database schemas, system and network architecture, algorithms and logic for patient record matching/merging, quality-assurance and defect-tracking records, release notes and roadmaps, incident reports and remediation analyses, usage and access logs,

1

training and troubleshooting materials, and security configurations and controls for VC+. It may also include competitively sensitive business information, such as pricing and discounting strategies, customer lists and account-level data, sales pipeline information, marketing strategies, and financial analyses. The disclosure of this information would enable competitors to appropriate IDEXX's substantial investment in VC+ research and development; reverse-engineer or replicate proprietary functionality; undermine IDEXX's product roadmap and commercialization strategy; and impair IDEXX's customer relationships and market position. In addition, public dissemination of security-related materials, system logs, and configuration details could expose IDEXX and its customers to cybersecurity risks and facilitate system misuse.

Discovery is also likely to include confidential information concerning IDEXX customers (including veterinary practices, shelters, rescues, and zoos) and third parties, such as account usage data, workflow documentation, complaint and service histories, and communications about clinical decisions informed by VC+. Many such materials will reflect sensitive operational practices of non-parties and contain personal or private information about individuals (e.g., names and contact information of veterinary staff or pet owners) or animal identifiers tied to particular facilities. Public disclosure risks unwarranted reputational harm to non-parties and would chill candid participation in quality assurance and regulatory processes. To the extent discovery implicates internal legal assessments, litigation holds, and counsel-directed investigations, protections are also warranted to avoid unnecessary disclosure of privileged or work-product materials and to streamline clawback procedures, if any privileged information is inadvertently produced.

Given these risks, good cause exists to protect from public disclosure IDEXX's trade secrets, competitively sensitive business information, and cybersecurity-relevant technical details; to safeguard third-party privacy; and to ensure such materials are used only for purposes of this litigation. A protective order will promote the just,

STIPULATED PROTECTIVE ORDER

speedy, and inexpensive determination of this action by facilitating the exchange of necessary information while preventing competitive misuse and privacy harms, minimizing satellite disputes over confidentiality, and preserving the status quo of the marketplace. It is the intent of the parties that confidentiality designations will be made in good faith, limited to information maintained in a confidential, non-public manner for which disclosure would create a risk of competitive injury, security compromise, or undue invasion of privacy. The parties further agree that an "Attorneys' Eyes Only" designation is appropriate for particularly sensitive categories—such as source code, proprietary algorithms and matching logic, detailed security configurations, unreleased product roadmaps, and customer-specific pricing or strategy—so core technical and commercial assets are protected while still permitting necessary litigation use by outside counsel and retained experts. Finally, entry of a protective order with a Rule 502(d) provision will facilitate efficient production of electronically stored information while mitigating the risk and burden associated with inadvertent disclosure of privileged materials.

For these reasons, and to expedite discovery, protect legitimate confidentiality interests, allow reasonable use of materials for preparation and trial, and provide for secure handling and disposition of protected materials at the close of the case, issuance of a stipulated protective order is warranted.

## II.    DEFINITIONS

A. Action: This pending federal lawsuit.

B. Animal Health Data: non-public medical or diagnostic information relating to identifiable animal patients maintained by or for veterinary practices, shelters, rescues, or zoos, including unique animal identifiers when tied to a specific facility or client.

C. Challenging Party: a Party or Non-Party who challenges the designation of information or items under this Order.

STIPULATED PROTECTIVE ORDER

D. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

E. Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

F. Designating Party: a Party or Non-Party who designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

G. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), which are produced or generated in disclosures or responses to discovery in this matter.

H. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items the disclosure of which to another Party or non-party would create a substantial risk of serious competitive or privacy harm that cannot be avoided by less restrictive means. This category includes, without limitation, proprietary product roadmaps; unreleased features; pricing strategy and customer-specific pricing/discounting; non-public financial analyses; sensitive customer lists and account-level data; cyber- and information-security materials; and technical documentation revealing design logic for VetConnect Plus matching, merging, or deduplication workflows.

J. "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: human-readable source code, scripts, build files, configuration files, and

Case No. 2:25-cv-07811-RGK-AGR

STIPULATED PROTECTIVE ORDER

other materials sufficiently detailed to permit understanding of IDEXX's software architecture or algorithms, including, but not limited to code repositories, version-control histories, comments, data models, schema definitions, and test harnesses for VetConnect Plus and related systems; and any printouts, images, or summaries thereof.

K. <u>IDEXX Customer</u>: any current or former customer or end user of IDEXX products or services, including veterinary practices, shelters, rescues, and zoos; their identities and account-specific information may constitute Protected Material.

L. <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

M. <u>Log Data</u>: system-generated logs, audit trails, access logs, or event records from VC+ or related systems, which may contain Personal Data, Animal Health Data, Security-Sensitive Information, or trade secrets.

N. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

O. <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action, but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

P. <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

Q. <u>Personal Data</u>:  information relating to an identified or identifiable natural person, including but not limited to names, contact details, identification numbers, account credentials, financial account data, geolocation data, IP

Case No. 2:25-cv-07811-RGK-AGR

STIPULATED PROTECTIVE ORDER

addresses or device identifiers, and any data elements that, alone or in combination, can reasonably be used to identify a person.

R. Producing Party: a Party or Non-Party who produces Disclosure or Discovery Material in this Action.

S. Professional Vendors: persons or entities who provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

T. Protected Material: any Disclosure or Discovery Material designated as "CONFIDENTIAL."

U. Receiving Party: a Party who receives Disclosure or Discovery Material from a Producing Party.

V. Security-Sensitive Information: information the disclosure of which would reasonably be expected to create a material cybersecurity, information-security, or physical-security risk, including system and network architecture diagrams; configuration settings; access controls; encryption keys or certificates; credentials or API tokens; vulnerability assessments and penetration-test results; incident reports and remediation analyses; and detailed log or telemetry data that could facilitate misuse or unauthorized access.

W. VetConnect Plus Materials or "VC+ Materials": materials concerning the VetConnect Plus platform and related services, including non-public requirements documents, design specifications, data models, schemas, technical presentations, architecture diagrams, algorithmic descriptions, QA and defect tracking records, release notes, incident reports, logs, and administrator or support guides.

## III.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, summaries, compilations, notes, or analyses that disclose Protected Material in whole or in part; (3) any testimony, communications, conversations, or presentations by Parties, Non-Parties, Counsel, Experts, or Professional Vendors that might reveal Protected Material; (4) any derivative materials prepared from Protected Material, including draft reports, demonstratives, or exhibits; and (5) all associated or embedded metadata, headers, audit trails, system or access logs, screenshots, screen recordings, and similar artifacts, as well as any forensic images, backups, or disaster-recovery media to the extent they contain Protected Material.

For materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE," the protections extend to any notes, memoranda, or mental impressions that disclose the substance of such material, any printouts or images thereof, and any descriptions sufficient to reveal proprietary algorithms, matching logic, data models, schemas, or security configurations.

This Order applies to Protected Material produced, disclosed, made available for inspection, or otherwise obtained in this Action from any Party or Non-Party, regardless of the medium (including ESI, native files, databases, and structured data exports) or the manner of production (including inspection-only materials).

Nothing in this Order restricts a Party from using or disclosing information that: (a) is or becomes part of the public domain through no breach of this Order; (b) is lawfully known to the Receiving Party without restriction before disclosure hereunder; (c) is independently developed by the Receiving Party without use of or reference to Protected Material; or (d) is rightfully obtained by the Receiving Party from a third party without confidentiality obligations. Any Party asserting one of these exceptions bears the burden of establishing it.

7

Case No. 2:25-cv-07811-RGK-AGR
STIPULATED PROTECTIVE ORDER

Absent written agreement of the Producing Party or court order, Protected Material may be used only for purposes of this Action, including any appeals, and not for any business, competitive, personal, or other purpose. Disclosure to Experts, Professional Vendors, or Designated In-House Counsel is permitted only as expressly authorized by this Order and subject to all attendant prerequisites.

All confidentiality obligations under this Order survive the final disposition of this Action. Within the time specified elsewhere in this Order for final disposition, each Receiving Party must return or destroy Protected Material (including copies, extracts, and summaries) and certify compliance, subject to standard archival exceptions for Counsel's litigation files and routine IT backups maintained in the ordinary course, provided that such archived or backed-up copies remain subject to this Order and are not accessed except for legitimate archival, compliance, or disaster-recovery purposes.

If a Receiving Party is required by law, regulation, or legal process to disclose any Protected Material, it must provide prompt written notice to the Producing Party (to the extent legally permissible) to allow the Producing Party to seek protective relief, and disclose only the portion compelled by the legal process.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## IV.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal  of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.    DESIGNATING PROTECTED MATERIAL

### A.    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party who designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### B.    Manner and Timing of Designations.

(a) Documentary material.  For information in documentary form (e.g., paper or electronic documents, including PDFs and imaged productions, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix, at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (each, a "legend") to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by bracketed notation or margin markings).  For native files, the Producing Party shall include the appropriate legend

in the filename and/or on a slip sheet bearing the Bates number and legend, and shall include the designation in a metadata field (e.g., "Confidentiality") to the extent reasonably feasible.

(b) Inspection of originals.  A Party or Non-Party who makes originals available for inspection need not designate them for protection prior to inspection.  All materials made available for inspection shall be deemed "CONFIDENTIAL" during the inspection.  After the inspecting Party identifies the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection and affix the appropriate legend to each page that contains Protected Material prior to production.  If only a portion of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s).

(c) Testimony and deposition exhibits. For testimony given in depositions or other pretrial proceedings, the Designating Party may designate on the record any portion of the testimony as Protected Material. In addition, all deposition testimony and exhibits shall be treated as "CONFIDENTIAL" in their entirety for thirty (30) days after the transcript is received by the Designating Party. Within that 30-day period, the Designating Party shall identify the specific portions of the testimony or exhibits to be designated and the applicable level of protection by written notice to all Parties and the court reporter. The court reporter shall mark any designated testimony and exhibits accordingly. Use of Protected Material at a deposition is not a waiver of any designation.

(d) Non-documentary and tangible items. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container(s) in which the information or item is stored the appropriate legend. If only a portion of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). For electronically stored information that is not

10

Case No. 2:25-cv-07811-RGK-AGR

STIPULATED PROTECTIVE ORDER

amenable to page-by-page marking (e.g., databases, log files, or structured data exports), the designation may be made in the cover letter, production transmittal, load file, or production index and shall apply to the entire item unless otherwise specified.

(e) Source code and similar highly sensitive technical materials. Materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be so labeled on any physical media, slip sheets, or filenames, and handled in accordance with the Source Code provisions of this Order. Any printouts, screenshots, excerpts, or descriptions sufficient to reveal the substance of such materials shall carry the same designation.

(f) Screenshots, recordings, and derived materials. Screenshots, screen recordings, extracts, summaries, notes, demonstratives, and other materials that disclose Protected Material shall bear the same designation as the underlying Protected Material from which they are derived, to the extent they reveal that information.

(g) Mass, rolling, or expedited productions. For productions made on a mass, rolling, or expedited basis, the Producing Party may designate by category, file path, or range where individual page marking is impracticable, provided the Producing Party takes reasonable steps to ensure that the designation fairly reflects the content produced and is not overbroad.

(h) Inadvertent failure to designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order. Upon timely correction of a designation in writing, the Receiving Party shall make reasonable efforts to ensure the material is treated in accordance with the corrected designation, including retrieving or re-marking copies distributed to authorized recipients and providing the corrected designation to the court reporter or vendor as needed.

(i) Third-party materials. A Party may designate materials produced by a Non-Party under this Order by providing written notice of the designation to all Parties and the Producing Non-Party within fourteen (14) days of receipt, identifying the Bates

STIPULATED PROTECTIVE ORDER

ranges and the applicable level of protection. Until expiration of that period, all such materials shall be treated as "CONFIDENTIAL."

(j) Redactions. Where a Producing Party redacts non-responsive or privileged information from a document containing Protected Material, the unredacted portions shall be designated as appropriate and the redactions shall be clearly indicated. Nothing in this subsection alters the Parties' rights and obligations concerning privilege redactions or clawback under Fed. R. Evid. 502(d) and any clawback provisions in this Order.

(k) No waiver by use in this Action. Disclosure or use of Protected Material consistent with this Order, including in depositions, hearings, or motion practice (subject to filing under seal where required), shall not waive or otherwise affect the designated level of protection.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A.   Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### B.   Meet and Confer.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. by serving a written notice that: identifies with specificity the material challenged (by Bates range, transcript page/line, file path, or other precise identifier); states the exact designation(s) challenged; and concisely sets forth all bases for the challenge. Within seven (7) business days of service of the challenge notice, lead or senior counsel for the Parties (and any Non-Party Designating Entity, if applicable) shall confer telephonically or by videoconference in a good-faith effort to resolve each issue. The Challenging Party must articulate a narrowed alternative designation or use limitation where feasible. If the challenged material was produced by a Non-Party, the Challenging Party shall copy that Non-Party on the challenge

Case No. 2:25-cv-07811-RGK-AGR
STIPULATED PROTECTIVE ORDER

notice to afford a reasonable opportunity to participate. If the dispute is not resolved, the Parties shall proceed under Local Rule 37-2 through 37-4.

### C.   Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### D.   Source Code and Security-Sensitive Information.

For materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" or otherwise identified as Security-Sensitive Information, the ~~Court and~~ Parties should presume disclosure beyond those permitted by this Order risks serious competitive and security harm. Challenges to such designations shall be narrowly tailored and supported by concrete need; absent Court order, no redistribution, printing, or electronic transmission beyond what is expressly permitted elsewhere in this Order is allowed during the pendency of a challenge.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

### A.   Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**B.     Disclosure of "CONFIDENTIAL" Information or Items.**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition

14                                   Case No. 2:25-cv-07811-RGK-AGR
STIPULATED PROTECTIVE ORDER

testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

C.      **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (AEO)**

"AEO" material may be disclosed only to:

(a)      Outside Counsel of Record and their staff;

(b)      The Court and its personnel;

(c)      Court reporters/videographers and Professional Vendors as necessary for litigation tasks, subject to Exhibit A and security safeguards;

(d)      Qualified Experts/Consultants after compliance with Section 2.5; and

(e)      Mediators/settlement officers as in Section 2.2.

Absent written consent of the Producing Party or court order, AEO material may not be disclosed to any current employee, officer, or director of a Receiving Party other than Designated In-House Counsel where expressly allowed by the Producing Party in writing. The parties agree that Customer-specific pricing, account-level data, product roadmaps, detailed security configurations, and VC+ matching logic presumptively qualify for AEO.

D.      **"HIGHLY CONFIDENTIAL – SOURCE CODE"**

Source Code material and closely comparable materials (including sufficiently detailed algorithmic descriptions, build files, schemas, test harnesses, and printouts) shall be handled under the Source Code provisions of this Order and may be disclosed only to:

(a)      Outside Counsel of Record and their staff;

(b)      Qualified Experts;

(c)      The Court and its personnel; and

(d)    Court reporters/videographers and Professional Vendors as strictly necessary for code handling and presentation, subject to Exhibit A and the Source Code security protocol.

### E.    PERSONAL DATA AND ANIMAL HEALTH DATA

To the extent feasible, Parties should minimize disclosure of Personal Data and Animal Health Data, use redactions where practicable, and prefer aggregated or de-identified data for mock jury/consultant exercises. Any de-identification must use methods reasonably designed to prevent re-identification. Mock jurors may receive only de-identified or aggregated materials unless otherwise agreed in writing or ordered by the Court.

### F.    USE OF ARTIFICIAL INTELLIGENCE TOOLS.

Notwithstanding any other provision of this Stipulation and Protective Order, under no circumstances shall any Confidential Materials, or any information derived therefrom, be uploaded to, entered into, or otherwise used in connection with any open, public, or non-secure artificial intelligence program, platform, or tool—including, but not limited to, large language models, generative AI platforms, or any other artificial intelligence system—that does not provide verifiable technical and contractual assurances that such data will remain private, secure, and inaccessible to any unauthorized person, dataset, or model, and will not be used for model training, fine-tuning, evaluation, or any other process that may incorporate such information into an artificial intelligence system.

Confidential Materials may only be used with artificial intelligence tools or platforms that (a) are operated in a private, access-controlled environment; (b) restrict use to authorized individuals; (c) implement and maintain reasonable administrative, technical, and physical safeguards to protect against unauthorized access, disclosure, alteration, or destruction; (d) prevent any incorporation of the Confidential Materials into shared or publicly accessible models, datasets, or training corpora; and (e) maintain audit logs sufficient to trace access and use ("Secure AI").

Access to any Secure AI environment shall be limited to individuals bound by confidentiality obligations equal to or greater than those set forth in this Protective Order. In the event of any unauthorized access, disclosure, or security incident involving Confidential Materials in connection with any AI tool, the affected party shall promptly notify all other parties and take reasonable steps to mitigate any resulting harm.

The parties agree that Any use of Confidential Materials in violation of this provision shall constitute a material breach of this Stipulation and Protective Order.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-party, if requested.

(c)   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court

order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

/ / /

/ / /

/ / /

## XII.  MISCELLANEOUS

### A.  Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B.  Right to Assert Other Objections.

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### C.  Filing Protected Material.

A Party who seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal  is denied by the court, then the Receiving Party may file the information in the public record,  unless otherwise instructed by the court.

## XIII. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, upon written request, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies,

20

STIPULATED PROTECTIVE ORDER

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV.

## XIV.   ENFORCEMENT

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: December 1, 2026          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Sandra Aguilar*

Alexandra Asterlin
Sandra Aguilar

Attorneys for Defendant
IDEXX Distribution, Inc.

/ / /

/ / /

/ / /

DATED: December 1, 2026         KESLUK, SILVERSTEIN, JACOB & MORRISON

By: */s/ Catherine Roland*
Doug N. Silverstein
Catherine Roland

Attorneys for Plaintiff
Stacia Oemig

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: December 1, 2026         By: */s/ Sandra Aguilar*
Sandra Aguilar

22
Case No. 2:25-cv-07811-RGK-AGR
STIPULATED PROTECTIVE ORDER

## ORDER

**GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT** the provisions of the concurrently filed stipulation between the parties Plaintiff STACIA OEMIG and Defendant IDEXX DISTRIBUTION, INC. regarding the use and protection of Confidential Information (the "Stipulated Protective Order"), as modified by the court, shall be entered as the Order of the Court and be binding upon the parties.

DATED: January 21, 2026

*Alicia G. Rosenberg*

_____
Hon. Alicia G. Rosenberg
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

24